# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 16, 2011

Lyle W. Cayce
Clerk

No. 10-10578
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PAULA STORRS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-23-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Paula Storrs pleaded guilty without benefit of a plea agreement to one count of wire fraud stemming from a scheme in which she and a codefendant helped numerous borrowers obtain mortgages using fraudulent gift letters. She received a sentence of 37 months in prison, at the bottom of the guidelines range applied by the district court. On appeal, Storrs contends that the district court erred in the guidelines calculations. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Storrs first contends that she was entitled to a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 because she pleaded guilty in a timely manner, because she told the court that she had accepted responsibility for her actions, and because her challenges to the inclusion of certain fraudulent mortgages in the Presentence Report were based on lack of knowledge. The district court found that Storrs engaged in conduct inconsistent with acceptance of responsibility, *see* U.S.S.G. § 3E1.1 cmt. nn.1(A) & 3, because she falsely denied or equivocated about her knowledge of fraudulent mortgage applications that she or her codefendant helped procure. In light of this finding, the court's determination that Storrs was not entitled to a three-level reduction was not without foundation. *See United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008).

Storrs next objects to the district court's two-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(9)(C) for a fraudulent scheme involving the use of sophisticated means. She insists that her conduct was not particularly complex or intricate. We review this ruling for clear error. *United States v. Conner*, 537 F.3d 480, 492 (5th Cir. 2008). The commentary to § 2B.1.1 states that "[c]onduct such as hiding assets or transactions, or both, . . . ordinarily indicates sophisticated means." *Id*. cmt. n.8(B). We held in *United States v. Wright*, 496 F.3d 371 (5th Cir. 2007), that the use of fraudulent materials to help borrowers falsely appear to mortgage lenders as creditworthy supports a sophisticated-means enhancement. *Id*. at 379; *see also United States v. Clements*, 73 F.3d 1330, 1340 (5th Cir. 1996). The district court did not clearly err by holding that Storrs's actions were sufficiently sophisticated to warrant the enhancement.

Finally, Storrs objects to the district court's loss calculation, which resulted in a ten-level enhancement under U.S.S.G. § 2B1.1(b)(1)(F) for a loss amount between $120,000 and $200,000. The district court determined that the applicable loss amount was $199,534, but Storrs maintains that she should have received an offset of $48,595 based on the profits realized from some of the

No. 10-10578

foreclosure proceedings.  Even if the court had awarded Storrs the offset, the total loss amount would have been $150,939 and she still would have received the same ten-level enhancement.  Under the circumstances, Storrs is unable to establish harm arising from any error in the loss calculations.  *See United States v. Taylor*, 582 F.3d 558, 565 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1116 (2010).

AFFIRMED.